UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DWAYNE HANDY,<br><br>   Plaintiff,<br><br>  v.<br><br>WARDEN,<br><br>   Defendant. | Case No. 23-cv-02243-JST<br><br>**ORDER SUA SPONTE GRANTING EXTENSION OF TIME TO PAY FILING FEE OR FILE IN FORMA PAUPERIS APPLICATION** |

  Petitioner, a state prisoner currently housed at Kern Valley State Prison, filed this petition for a writ of habeas corpus pursuant to either 28 U.S.C. § 2254 or 28 U.S.C. § 2241. ECF No. 1. On May 9, 2023, Petitioner was informed that this action was deficient because Petitioner had neither paid the $5.00 filing fee nor filed an application to proceed *in forma pauperis*. ECF No. 5. Petitioner was informed that the failure to respond by May 6, 2023, would result in dismissal of this action and the fee becoming due immediately. ECF No. 5. On May 24, 2023, Petitioner filed a pleading objecting to the assessment of a filing fee, arguing that he is not required to pay a filing for this action because (1) the Prison Litigation Reform Act ("PLRA")'s filing fee obligation does not apply to actions brought pursuant to 28 U.S.C. §§ 2241, 2254, 2255, as these are not civil actions within the meaning of the PLRA, citing to *In re Phillips*, 133 F.3d 770 (10th Cir. 1998), and (2) the First Amendment's prohibition on laws abridging the right of the people to petition the government for a redress of grievances prohibit the levying of filing fees. ECF No. 7.

  Petitioner is incorrect that he need not pay a filing fee. 28 U.S.C. § 1914 requires the clerk of each district court to require parties instituting a habeas corpus action to pay a $5 filing fee, and allows the district court to require advance payment of fees. 28 U.S.C. § 1914(a), (c). 28 U.S.C. § 1915 allows plaintiffs proceeding *in forma pauperis* to proceed without prepayment of fees, 28

1  U.S.C. § 1915(a), but requires prisoners who proceed *in forma pauperis* to ultimately pay the full

2  filing fee, whether paid in advance or in installments over time, 28 U.S.C. § 1915(b).  Petitioner is

3  correct that 28 U.S.C. § 1915(b) does not apply to petitions for a writ of habeas corpus.

4         That 28 U.S.C. § 1915(b) does not apply merely means that should Petitioner be granted

5  leave to proceed *in forma pauperis*, he need not pay the $5 filing fee.  However, any party filing a

6  petition for a writ of habeas corpus is still required to pay a $5 filing fee to initiate the action, 28

7  U.S.C. § 1914, unless he is entitled to proceed *in forma pauperis*, 28 U.S.C. § 1915(a).

8  Accordingly, to proceed with this action, Petitioner must either pay the $5 filing fee or he must

9  submit an application to proceed *in forma pauperis*.  If Petitioner is granted leave to proceed *in*

10  *forma pauperis*, Petitioner may proceed in this action without paying the filing fee.  If Petitioner is

11  denied leave to proceed *in forma pauperis*, he must pay the $5 filing fee before this action can

12  proceed.  The Court *sua sponte* GRANTS Petitioner an extension of time to February 16, 2024, to

13  either pay the $5 filing fee or file an application to proceed *in forma pauperis*.  Petitioner's failure

14  to abide by the deadline set forth in this order will result in dismissal of this action without

15  prejudice for failure to pay the filing fee without further notice to Petitioner.

16         **IT IS SO ORDERED.**

17  Dated:  January 4, 2024



JON S. TIGAR
United States District Judge